IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEBON JACKSON, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) Judge |
| | ) |
| | ) JURY DEMAND |
| CITY OF CHICAGO; CHICAGO POLICE | ) |
| OFFICER NICHOLAS ARDOLINO, Star 9874; | ) |
| CHICAGO POLICE OFFICER MATTHEW | ) |
| MARANO, Star 10226, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES, the Plaintiff, SEBON JACKSON, by and through his attorneys, THE LAW OFFICE OF JASON M. MARX, LLC, and in complaining of DEFENDANTS CITY OF CHICAGO, CHICAGO POLICE OFFICER NICHOLAS ARDOLINO and CHICAGO POLICE OFFICER MATTHEW MARANO states as follows:

### INTRODUCTION

1. This is an action for civil damages brought under 42 U.S.C. § 1983 for deprivation of PLAINTIFF'S constitutional rights and brought under Illinois state law for violation of PLAINTIFF'S state rights.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 1343, and 1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

4. PLAINTIFF is an individual who at all times relevant hereto was present in the Northern District of Illinois.

1

5. DEFENDANT CHICAGO POLICE OFFICERS NICHOLAS ARDOLINO and MATTHEW MARANO (hereinafter "DEFENDANT OFFICERS"), were at all times material hereto, duly appointed Officers employed by DEFENDANT CITY OF CHICAGO acting in the capacity of sworn law enforcement officials.

6. DEFENDANT CITY OF CHICAGO at all relevant times was an Illinois Municipal Corporation, duly chartered and organized under the laws of the State of Illinois, located entirely within this judicial district.

## FACTUAL SUMMARY

7. On August 21, 2019 at approximately 9:00p.m., PLAINTIFF was a front seat passenger in a vehicle being driven by his nephew. PLAINTIFF'S brother was a passenger in the backseat of the vehicle.

8. DEFENDANT OFFICERS stopped the vehicle near 73rd and Vincennes Avenue without any lawful justification.

9. After unlawfully stopping the vehicle, DEFENDANT OFFICERS searched the vehicle without any lawful justification.

10. After unlawfully searching the vehicle, DEFENDANT OFFICERS arrested PLAINTIFF, without probable cause, for possession of a firearm.

11. DEFENDANT OFFICERS and PLAINTIFF eventually relocated to the 7th District police station.

12. At the 7th District station, DEFENDANT ARDOLINO lied multiple times in an official police report to justify the DEFENDANT OFFICERS' illegal stop, search, and arrest.

13. DEFENDANT ARDOLINO lied in the official report by claiming:

2

    a. "A/O'S…conducted a traffic stop after observing the driver of the vehicle operating his cell phone while driving."

    b. "Upon approach A/O'S observed arrestee…making movements in front of his person."

    c. "Upon contact A/O'S could smell a strong odor of cannabis emanating from the vehicle."

    d. "A/O Marano then recovered…in the same area A/O'S observed arrestee making movements upon approach 1…handgun."

14. Based on DEFENDANT ARDOLINO'S false statements in an official police report, he swore out a criminal complaint against PLAINTIFF charging him with being an armed habitual criminal.

15. On August 22, 2019, PLAINTIFF was brought before a Cook County Judge for a determination of whether there was probable cause for the criminal charges initiated by DEFENDANT OFFICERS.

16. The Judge relied on DEFENDANT ARDOLINO'S criminal complaint—which in turn relied on DEFENDANT ARDOLINO'S fabrications—to support a finding of probable cause. Based on that determination, the Judge sent PLAINTIFF to jail to await trial.

17. While PLAINTIFF sat in jail, DEFENDANT ARDOLINO testified before a Grand Jury.

18. In September of 2019, a Grand Jury indicted PLAINTIFF on four felony offenses based on DEFENDANT ARDOLINO'S false testimony.

19. A <u>Motion to Quash Arrest and Suppress Evidence</u> and a bench trial were eventually conducted in which DEFENDANT OFFICERS provided false testimony.

20. The bench trial concluded on January 8, 2020 in which PLAINTIFF was found not guilty of all criminal charges initiated by DEFENDANT OFFICERS.

21. PLAINTIFF was in pretrial detention from August 21, 2019 to January 8, 2020.

22. PLAINTIFF'S pretrial detention and prosecution were unlawful because they were not supported by probable cause.

23. DEFENDANT OFFICERS conspired to cover up their misconduct by writing false narratives in official police reports, signing false criminal complaints, and providing false testimony.

24. As a direct and proximate result of the acts of DEFENDANT OFFICERS, PLAINTIFF suffered damages, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

## COUNT I – 42 U.S.C. § 1983 UNLAWFUL STOP

25. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

26. The Fourth Amendment of the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

27. The stop of the vehicle PLAINTIFF was in constituted a seizure under the Fourth Amendment.

28. The seizure of PLAINTIFF was made without reasonable suspicion nor probable cause, in violation of PLAINTIFF'S Fourth Amendment rights.

4

29. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

### COUNT II – 42 U.S.C. § 1983 UNLAWFUL SEARCH

30. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

31. The Fourth Amendment of the United States Constitution guarantees the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

32. DEFENDANT OFFICERS searched the vehicle PLAINTIFF was in without probable cause in violation of PLAINTIFF'S Fourth Amendment rights.

33. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

### COUNT III – 42 U.S.C. § 1983 UNLAWFUL PRETRIAL DETENTION

34. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

35. Detention without probable cause violates the Fourth Amendment (as applied to the states by the Fourteenth Amendment). *Manuel v. Joliet*, 137 S. Ct. 911 (2017).

36. As outlined above, DEFENDANT OFFICERS detained PLAINTIFF without probable cause from August 21, 2019 to January 8, 2020 in violation of PLAINTIFF'S Fourth Amendment rights.

37. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

## COUNT IV– 42 U.S.C. § 1983 CONSPIRACY

38. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

39. DEFENDANT OFFICERS conspired with each other to unlawfully stop and search the vehicle PLAINTIFF was in, file false police reports, file false criminal complaints, and institute false criminal charges against PLAINTIFF.

40. DEFENDANT OFFICERS acted in concert with each other to deprive PLAINTIFF of his rights as guaranteed by the United States Constitution.

41. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness, and reckless indifference to the rights of PLAINTIFF.

42. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

## COUNT V– ILLINOIS STATE LAW MALICIOUS PROSECUTION

43. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

44. PLAINTIFF was improperly subjected to judicial proceedings without probable cause. These judicial proceedings were instituted and continued by DEFENDANT OFFICERS maliciously, resulting in injury, and all such proceedings were terminated in favor of PLAINTIFF.

45. DEFENDANT OFFICERS accused PLAINTIFF of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence, made false police reports, signed false criminal complaints, and gave false testimony with the intent of exerting influence to institute and continue judicial proceedings.

46. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of PLAINTIFF.

47. DEFENDANT OFFICERS are or were employees of DEFENDANT CITY and acted within the scope of their employment in committing the misconduct described herein such that DEFENDANT CITY is liable for their actions.

48. The misconduct of DEFENDANT OFFICERS as outlined above proximately caused injury to PLAINTIFF, including but not limited to, emotional pain and suffering, lost wages, lost property, and attorney fees.

## COUNT VI–INDEMNIFICATION

49. PLAINTIFF re-alleges and incorporates the factual allegations in paragraphs 1-24 above.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT CITY OF CHICAGO is liable for any judgments for compensatory damages and attorneys' fees in this case arising from DEFENDANT OFFICERS' actions.

## REQUEST FOR RELIEF

PLAINTIFF respectfully requests this Honorable Court:

    a. Enter judgment in his favor and against all Defendants;

    b. Award compensatory damages against all Defendants;

    c. Award attorney's fees against all Defendants;

d. Award punitive damages against all Defendants; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *Jason Marx*
JASON MARX
Attorney for PLAINTIFF
The Law Office of Jason M. Marx, LLC
180 N. Stetson Avenue, Suite 3500
Chicago, Illinois 60601
(312) 535-8355
Attorney No. 6279266